**Carolyn TALLMADGE, by and through James TALLMADGE, her attorney-in-fact, Plaintiff/Appellant,**

v.

**BEVERLY ENTERPRISES–MISSOURI, INC., Respondent/Respondent.**

**No. ED 87981.**

Missouri Court of Appeals, Eastern District, Division One.

Sept. 26, 2006.

———

Anthony L. DeWitt, Bartimus, Frickleton, Robertson & Gorny, P.C., Jefferson City, MO, for appellant.

Sandberg, Phoenix & von Gontard, Stephen M. Strum, Stacey George Sifton, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

Carolyn Tallmadge (Carolyn),[1] by and through James Tallmadge (James), her attorney-in-fact, appeals from the trial court's judgment granting a motion to reconsider and dismissing this damages action with prejudice so that the parties may

---

1. For convenience, we are using the Tallmadges' first names when we are addressing actions taken by one of them. We do not mean to be disrespectful in using their first names.

arbitrate their dispute. We reverse and remand for further proceedings.

In March 2004, due to physical and other ailments, Carolyn was admitted into a care facility operated by Beverly Enterprises–Missouri, Inc. (Beverly Enterprises). As part of the admissions process, James signed admissions papers on behalf of Carolyn, including a separate Resident and Facility Arbitration Agreement (arbitration agreement). The arbitration agreement contains language requiring the arbitration of "any claim for ... negligence, gross negligence, malpractice, or claims based on any departure from accepted medical or health care or safety standards."

In September 2004, Carolyn signed a Durable Power of Attorney with General Powers for All Purposes (durable power of attorney) appointing James as her "attorney-in-fact with full power to carry out [certain specified] acts." Through provisions in the durable power of attorney James was authorized to make health care decisions and "[t]o initiate, defend and settle claims and lawsuits, including tax cases, prior to suit being filed or after litigation has commenced, including arbitration or other alternative disputes resolution proceedings; and to give releases from liability" on behalf of Carolyn.

In the summer of 2005, allegedly as the result of care provided or not provided at the Beverly Enterprises' facility, Carolyn sustained physical injuries. This lawsuit was filed seeking damages from Beverly Enterprises for Carolyn's injuries.

Beverly Enterprises filed a motion to enforce the arbitration agreement. This motion relied on the execution of the durable power of attorney as the basis for James's authority to enter into the arbitration agreement on behalf of Carolyn. Carolyn's opposition to this motion did not raise an issue with the subsequent execution of the durable power of attorney, but focused on her positions regarding various aspects of the arbitration agreement. The trial court initially denied the motion by letter to counsel. In this letter, the trial court expressly found that, based on the trial court's view of certain language in the durable power of attorney, James did not have the authority under the durable power of attorney to consent to arbitration in advance of a dispute.

Beverly Enterprises then filed a motion for reconsideration on the grounds the trial court may not have considered other relevant language in the durable power of attorney. Carolyn's opposition to this motion in essence supported the trial court's initial reading of the durable power of attorney. The trial court subsequently granted Beverly Enterprises' motion for reconsideration and dismissed this lawsuit with prejudice so the parties could pursue arbitration. Specifically, the trial court stated:

> the [c]ourt finds that the Resident and Facility Arbitration Agreement signed by James Tallmadge as attorney-in-fact for Plaintiff Carolyn Tallmadge under the powers granted him by the Durable Power of Attorney executed by Carolyn Tallmadge on September 27, 2004, is a valid and enforceable arbitration agreement and that, therefore, the Motion for Reconsideration should be granted and Plaintiff's Petition herein should be dismissed.

This appeal followed.

In her first point, Carolyn alleges the trial court erred in dismissing this case because the durable power of attorney was executed after the date the arbitration agreement was signed and so could not provide the authority for James to sign the arbitration agreement. Because we find

this point dispositive, we will not address Carolyn's other three points.

We review *de novo* a determination that a dispute is arbitrable. *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003).

As the Western District held in *Home Savings Ass'n of Kansas City v. Bratton*, 721 S.W.2d 40 (Mo.App. W.D. 1987), a power of attorney must be executed before a transaction occurs that is based on the authority provided by the power of attorney. In that case, the Western District found an owner of certificates of deposit who had not executed a power of attorney before a person acting on his behalf tried to place stop orders on the certificates had not timely conferred a power of attorney so the attempt to place stop orders "failed." *Id.* at 45. Similarly, here the power of attorney executed by Carolyn after the arbitration agreement fails to provide authority for the execution of the arbitration agreement on Carolyn's behalf.

While there may be other grounds of authority to support James's execution of the arbitration agreement on behalf of Carolyn, the record is not sufficient at this time to allow consideration of such grounds because both the parties and the trial court below focused and relied solely on the terms of the durable power of attorney as the basis of James's authority with respect to the arbitration agreement. Without more, we cannot affirm the determination that the parties' dispute must be arbitrated. In deciding this matter must be remanded, we are not addressing whether James had actual authority, implied authority, apparent authority, or any other authority to execute the arbitration agreement on behalf of Carolyn in March 2004.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, Presiding Judge and NANNETTE A. BAKER, Judge, Concur.